UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Robert A. Griffin,

                 Plaintiff,

     -against-

Daniel Martuscello Commissioner;
Correctional Captain C. Nixon;
Correctional Sergeant Mandel;
Correctional Officer J. W. York;
C.O. Michelle Oscar; And
C.O. Kristin A. Bailey;

                 Defendants.

------------------------------------------------------------

**COMPLAINT**
Under the
Civil Rights Act, 42 U.S.C. §
1983

Jury Trial: Yes **X**  No \_\_\_

Jury Trial Demanded

Before:

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff: <u>Robert A. Griffin</u>
ID # <u>00-B-2844</u>
*Pro Se*
Sing Sing C.F.
354 Hunter Street
Ossining, New York 10562

B.    List all defendants' names, positions, place of employment, and the address where each defendant maybe served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

**Defendant Number One:**
C. Nixon-in house Discretionary appeal
Correctional Captain
Sing Sing Correctional Facility
354 Hunter St.
Ossining, New York 10562

**Defendant Number Two:**
J. Mandel-Tier I hearing officer
Correctional Sergeant
Sing Sing Correctional Facility
354 Hunter St.
Ossining, New York 10562

**Defendant Number Three:**
Daniel Martuscello-CORC
Commissioner
Department Of Corrections and
Community Supervision
1220 Washington Ave., Bldg. #2
Albany, New York 12224

**Defendant Number Four:**
J. W. York-writer of misbehavior report
Correctional Officer
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

**Defendant Number Five:**
Michelle Oscar-endorser
Correctional Officer
Sing Sing Correctional Facility
354 Hunter Street.
Ossining, New York 10562

**Defendant Number Six:**
Kristin A. Bailey-endorser
Correctional Officer
Sing Sing Correctional Facility
354 Hunter Street.
Ossining, New York 10562

## II.  Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?  <u>Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562</u>

B. Where in the institution did the events giving rise to your claim(s) occur? <u>Facility Messhall</u>

C. What date and approximate time did the events giving rise to your claim(s) occur? <u>October 29, 2022, Correctional Sergeant J. Mandel issued a guilty tier I decision based on his personal or professional relationship with the author of misbehavior report</u>

D. Facts: <u>On October 26, 2022, Correctional Officer J. W. York stated: "He observed Incarcerated Individual Robert A. Griffin, in the Mess hall, on the regular serving line and he is a recipient of the Diet Meal Program prescribed by the Medical Department.  C.O. York alleges that Griffin has been verbally counseled and given a direct order to cease from such practice, and he obtained Griffin's information</u>

What happened:

from the Diet Book." This Misbehavior ticket was endorsed by both C.O. Michelle Oscar (*Diet Officer*) and C.O. Kristin A. Bailey (*Mess Hall A-serving line officer*)

Who did what?

On October 29, 2022, unbeknown, Griffin was called to O.I.C. After sitting down, he was notified, by hearing officer Sgt. Mandel, that C.O. York wrote him a misbehavior report, which he had already rendered a guilty decision, which undermined any ability to present a defense. (*Emphasis... absence of notification, witnesses or defense*)

So, as a formality, Mr. Griffin stated: "he wasn't on the regular chow line and nor was he out of place," and objected to the misbehavior report on grounds of actual innocence, extreme hardship, harassment, and filing a false misbehavior report on basis of perjury.

Within 4 minutes, Sergeant Mandel stated: "he believed Officer York because he has know him for years," and without any witnesses or investigation, issued a guilty verdict and sanction 13 days loss of packages and commissary for violating Rules 109.10 (*Out of Place*) & 106.10 (*Direct Order*)

Over all, the hearing proceedings are silent with any respect to any violation of Diet Meal (*7 NYCRR 1704.8(d) & Policy 1.33*).

On November 2, 2022, the Superintendent's appeal was reviewed by Correctional Captain C. Nixon where petitioner based grounds for reversal on insufficient substantial evidence of guilty, the issuance of false misbehavior report, and not being afforded an impartial hearing officer. Captain Nixon affirmed the hearing determination of October 29, 2022.

After October 29, 2022, a grievance derived on wrongful proceedings against Mr. Griffin that violated the constitution.

As illustrated above, Mr. Griffin claim that there is a strong public policy in ensuring that the Department of Corrections and Community Supervision, are not held civilly or financially liable for lawful acts committed while they are acting as New York State correctional officers. See: *Livingston v. Kelly*, 561 F. Supp.2d 329 (W.D.N.Y. 2008)

On the other hand, it is puzzling to wonder what is really going on in their minds of staff that have retaliatory motives to fabricate a false misbehavior report, despite

4

being short of staff, having an abundant amount of overtime, money and a life outside of prison walls. (*Emphasis..."no good can come from choosing, as regular thinking, this type of misconduct, which is a live for-the-moment outlook"*)

Mr. Griffin alleges that these three (3) Correctional Officers naturally have a negative relationship with him based on judgment surrounding his criminal conviction for sexual offenses, his criminal appeals, and under the *blue code*, their silence on outside influences (*e.g., D.A. or Judges*) to intentionally inflict emotional distress. Therefore, their credibility and veracity is highly suspect.

Acting in concert, they were motivated to spite me, and therefore, they have provided untruthful *"revenge"* by filing false misbehavior report.

In denying Mr. Griffin the minimum procedural due process, the hearing officer sanction me 13 days losses of package, commissary, denial of honor housing, extreme hardship, harassment, and infliction of emotional distress on there hoax. This hoax was affirmed by Caption C. Nixon.

In sum, though they might find the end result harsh, the *"harshness"*...is largely a self-inflicted would.

On July 8th, 2023, Mr. Griffin wrote to CORC for a decision on his grievance, which they reply, and have not issued a decision as of this day.

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. **N/A**

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes **X** No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). **Sing Sing C.F.**

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

Yes **X**  No ___ Do Not Know ____

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes **X**  No ___ Do Not Know ____

If YES, which claim(s)?

Denial of liberty interest and procedural Due Process under 14th Amendment where guilt was not supported by evidence, Cruel and Unusual Punishment under 8th Amendment, and Hearing officer was bias in failing to investigate procedural infirmities, predetermination of inmate's guilt over his actual innocence and allegations of correctional officer filing false misbehavior report.

D. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose <u>not</u> cover some of your claim(s)?

Yes **X**  No___ Do Not Know ____

If YES, which claim(s)? **Filing a false misbehavior report warrants criminal charges or the officer's suspension; but the Department of Corrections will rarely pursue such sanction.**

E. Did you file a grievance at the jail, prison, or other correctional facility where your claim(s) arose?

Yes **X**  No ___

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No **X**

F. If you did file a grievance, about the events described in this complaint, where did you file the grievance? **Sing Sing Correctional Facility**

1.    Which claim(s) in this complaint did you grieve? **All**

2. What was the result, if any? The Inmate Grievance Committee agreed with inmate, Facility Superintendent disagreed and denied relief, and CORC has not issued a decision, even after inmate wrote & requested a decision.

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. See: Attached **Exhibits**

G. If you did not file a grievance, did you inform any official of your claim(s)? N/A

1. If YES, whom did you inform and when did you inform them?

_____

2. If NO, why not? N/A

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. **I have request a decision for CORC, but as of today, still no response.**

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the court to do for you. Plaintiff requests the Court to grant the Following relief: Compensatory damages in the amount of $20,000.000 (Twenty Million); Punitive Damages in the amount of $20,000,000.00 (Twenty Million); and 5,000,000.00 (Five million) for each right constitutional violations by the defendant and a declaratory judgment

## VI. Previous Lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes _____ No **X**

On

These

B. If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

1. Parties to this previous lawsuit:

Plaintiff

_____

Defendants

_____    _____

2.    Court I(if federal court, name the district; if state, name the county)

_____

3.    Docket or Index number:

_____    _____

4.    Name of Judge assigned to your case.

_____

5.    Approximate date of filing lawsuit.

_____    _____

6.    Is the case still pending?  Yes _____ No _____

       If NO, give the approximate date of disposition

_____

7.    What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?  <u>N/A</u>

<div style="border:1px solid">On other claims</div>

D.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No <u>X</u>

E.    If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

1.    Parties to this previous lawsuit:

Plaintiff

_____    _____

Defendants

_____    _____

2.    Court (if federal court, name district; if state court, name county)

_____    _____

3.    Docket or Index number

_____    _____

4.    Name of Judge assigned to your case

5.    Approximate date of filing lawsuit

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition

7.    What was the result of the case?  (for example):  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?

Signed  this ___ day of <u>October,</u> 2023.  I declare under the penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff:    <u>ROBERT A. GRIFFIN</u>

Inmate Number:    <u>00-B-2844</u>

Mailing address:    Sing Sing C.F.
354 Hunter Street
Ossining, New York 10562

<u>Note:</u>  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under the penalty of perjury that on this 27 day of October , 2023, I will deliver this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

9

# EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS L. JAMES
ATTORNEY GENERAL OF
NEW YORK
THE CAPITAL
ALBANY NY 12224

9590 9402 7409 2055 9362 91

2. Article Number (Transfer from service label)

7021 0950 0000 1352 3020

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  **RECEIVED**  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
**DEC 0 9 2022**

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No
NYS DEPT OF LAW
ADMINISTRATIVE SERVICES

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

CERTIFIED MAIL

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**DISBURSEMENT OR REFUND REQUEST**

HBA-071
CELL LOCATION

NAME Robert A Griffin          DATE December 6th 20 22

CODE TYPE

INCARCERATED INDIVIDUAL NUMBER  D O B 2 5 4 4   "SHORT NAME" R G R i

FIRST INITIAL
FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER          RIGHT ADJUSTED WITH LEADING ZEROS

12/7/22   Post 2.16 Fw
C 9-7-25

COMMISSARY PRODUCT GROUP  I

AMOUNT $  X 7.25

SENT TO CODE (SEE TABLE B-6)

ITEM DESCRIPTION  Cert Mail  ICT/RR

| | LAST NAME | FIRST NAME | MI | SUFF |
|---|---|---|---|---|
| SENT TO OR PURCHASE FROM | New York State Attorney General | | | |
| ADDRESS | The Capitol | | APT. NO. | |
| CITY | Albany | STATE NY | ZIP CODE 12224 | |

**I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INCARCERATED INDIVIDUAL ACCOUNT.**

APPROVED          DATE
(SOURCE/AREA)

APPROVED          DATE 12/8/22
(BUSINESS OFFICE)          (INCARCERATED INDIVIDUAL SIGNATURE) R. Robert A Griffin

FORM 2706 (06/21)          Original - Business Office     Yellow - Approving Office     Pink - Incarcerated Individual

FORM 2171 B (11/21)
Side 2

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

05/000                    _Sing Sing_              **Correctional Facility**        #2215

## INCARCERATED INDIVIDUAL MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL INDIVIDUO ENCARCELADO

| 1. NAME OF INCARCERATED INDIVIDUAL (Last, First) ♦ NOMBRE DEL INDIVIDUO ENCARCELADO (Apellido, Nombre) | DIN | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| GRIFFIN, R | 00A2844 | HBA 024 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| HBA MESSHALL | 10 26 22 | Approximately 8:00AM |

**3. RULE VIOLATION(S) ♦ VIOLACIÓN (ES)**

109.10 OUT OF PLACE   106.10 DIRECT ORDER

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

ON THE ABOVE TIME AND DATE AT THE ABOVE LOCATION, I CO T. YORK OBSERVED I/I GRIFFIN # 00A2844 ON THE REGULAR SERVING LINE. I/I GRIFFIN IS A RECIPIENT OF THE DIET MEAL PROGRAM PRESCRIBED BY THE MEDICAL DEPARTMENT. I/I GRIFFIN HAS BEEN VERBALLY COUNSELED IN THE PAST AND GIVEN A DIRECT ORDER TO CEASE THIS PRACTICE. HIS INFORMATION WAS OBTAINED FROM THE DIET BOOK. THE REGULAR MEAL WAS COFFEE CAKE.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ REPORTADO POR | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 10 26 22 | T. YORK | | CO |

**5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)**   SIGNATURES:
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)   FIRMAS:  1. _M. ODA   OSCAR_
2. A. J. BAILEY

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INCARCERATED INDIVIDUAL_____ NAME AND TITLE OF SERVER_____

FECHA Y HORA DADO AL INDIVIDUO ENCARCELADO_____ NOMBRE Y TÍTULO DEL QUE ENTREGA_____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The incarcerated individual shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al individuo encarcelado llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución ni las metas del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or their designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

10/26/22          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   1
DCP008                          SING SING GN

C/S#
2225

VIOLATION HEARING DISPOSITION RENDERED

REVIEW OFFICER    LT   FISHER, C M
REVIEW DATE        10/26/22
TIER 1 DUE DATE   11/01/22

1) NAME GRIFFIN, ROBERT                    DIN 00B2844 LOCATION 0A-0S-24S

2) INCIDENT DATE & TIME  10/26/22     08:00 AM

3) INMATE  *GRIFFIN IS* ENGLISH SPEAKING
   A) IF NOT, WERE CHARGES TRANSLATED AND SERVED TO INMATE? *N/A*
   B) INTERPRETOR AT HEARING *2022*

4) HEARING BEGIN DATE __/__/__ TIME _/ : 10_ PM
   END DATE  _10_/_28_/_2022_ TIME _/ : 55_ PM

5) CHARGES: SPECIFY DETERMINATION FOR EACH OF THE CHARGES
            CONSIDERED AT HEARING

CHARGE
NUMBER     DESCRIPTION OF CHARGES          REPORTED BY        DISPOSITION
106.10     REFUSING DIRECT ORDER      CO   YORK, J W              Guilty
------     ------------------------------   ----  ----------------------
109.10     OUT OF PLACE                                           Guilty
------     ------------------------------

D-71

6) PENALTY IMPOSED:

_13 Day loss of Commissary_
_13 Day loss of Packages_

_____
_____
_____

*THIS FORM SHALL NOT BE MADE PART OF THE INMATE'S INSTITUTIONAL RECORDS

HEARING OFFICER _R J Mandal_ _____ DATE _10·28·22_

INMATE SIGNATURE _____ DATE _____ TIME _____

        NOTICE TO INMATE: YOU MAY APPEAL THIS DETERMINATION BY WRITING TO THE
        SUPERINTENDENT WITHIN 24 HOURS OF YOUR RECEIPT OF THIS DISPOSITION

***SUCCESSFUL PRINT COMPLETION***

Superintendent Capra
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

October 29, 2022

Mr. Robert A. Griffin, #00B-2844
HBA-O-24

### RE: "I WISH TO APPEAL MY TIER I HEARING STARTED & COMPLETED ON OCTOBER 28,  2022, AT 1:15 P.M."

On October 26, 2022, Correctional Officer J. W. York stated: "He observed Incarcerated Individual Robert A. Griffin, in the Mess hall, on the regular serving line and he is a recipient of the Diet Meal Program prescribed by the Medical Department.   C.O. York alleges that Griffin has been verbally counseled and given a direct order to cease from such practice, and he obtained Griffin's information from the Diet Book.

On October 29, 2022, unbeknown, Griffin was called to O.I.C.  After sitting down, he was notified, by hearing officer Sgt. Mandel, that C.O. York wrote him a misbehavior report, which he had already rendered a guilty decision, which undermined any ability to present a defense.(*Emphasis.. kangaroo hearing*)

So, as a formality, Mr. Griffin stated: "he wasn't on the regular chow line and nor was he out of place," and objected to the misbehavior report on grounds of actual innocence, extreme hardship, harassment, and filing a false misbehavior report on basis of perjury.

Within 4 minutes, Sergeant Mandel stated: "he believed Officer York because he has know him for years," and Griffin was issued a guilty verdict and sanctions 13 days loss of packages and commissary for violating Rules 109.10 (Out of Place) & 106.10 (Direct Order) See: **Exhibit A**

1

Over all, the hearing proceedings is silent with respect to any violation of Diet Meal( *7 NYCRR 1704.8(d) & Policy 1.33*) and not in conformity to the expiration date of 11-01-22, in which to afford the hearing officer time to investigate and access the credibility of Mr. Griffin's contentions.

State Specific Grounds for Appeal

## RULE VIOLATIONS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Appellant, Robert A. Griffin, contends that the Misbehavior Report was not supported with testimony of Correction Officer York, to provided substantial evidence to support finding prisoner guilty of such conduct. See: *Vega v. Smith*, 66 N.Y.2d 130, 139 [N.Y. 1985] (*A prison disciplinary determination must be supported by substantial evidence, meaning that in order to sustain a determination of guilt, a court must find that the disciplinary authorities have offered such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact*); *Shell v. Brzezniak*, 365 F.Supp.2d 362, 377; *Allen v. Cuomo*, 100 F.3d 253 there must be "some evidence to support the findings made in the disciplinary hearing.";*Superintendent v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 86 L.Ed.2d 356; *Patterson v.Coughlin*, 905 F.2d 564, 569-570 (2d Cir. 1990).

## C.O. YORK VIOLATED DOCCS RULES & RUGULATION BY FILING A FALSE MISBEHAVIOR REPORT

C.O. York is HBA (A) block Mess hall gate/post officer who when out of his way to violated NYSDOCCS Employee Manual section 2 & 4.16 (*Conduct and*

*Activities of Employees*) by filing a false accusatory instrument and lying on Offender Griffin that he was on the regular line that day, in violation of **2.1 Personal Conduct** – No employee, whether on or off duty, shall so comport himself as to reflect discredit upon the Department or it's personnel; **2.2 Lawful Comportment** – An employee shall not knowingly or willingly violate any law or ordinance of the United States or the State of New York or any rule, regulation or directive of the Department; and **4.16 Falsification of records** – No employee shall knowingly make a false official report or statement, orally or in writing, or make, maintain, or cause or permit to be made a false record or false entry in official records.

For the above reason, Offender Griffin contends C.O. York committed Perjury by issuance of a false Misbehavior report, which was used specifically for intentional infliction of emotional distress, harassment, and extreme hardship. His disciplinary sanction warrants reporting under McKinney's Civil Service Law towards his removal from his post, and placed somewhere were there is no prisoner for him to abuse.

## HEARING OFFICER WAS BIAS IN VIOLATION OF 7 N.Y.C.R.R. §254.1

The hearing officer, Sergeant Mandel, was bias on: (1) overlooking the statutory construction of Title 7 N.Y.C.R.R. § 254.1 by not confirming C.O. York's hearsay report into substantial evidence; (2) not investigating allegations nor accessing credibility in the allotted time frame of 11-01-22; and (3) undermined the Therapeutic Diet program.

At the hearing, Sgt. Mandel stated: "he believed I was guilty because he knows Officer York for many years, despite my objections, due process violation, and actual innocence. See: *Rambert v. Fischer*, 128 A.D.3d 1111, 7 N.Y.S.3d 730 [N.Y.A.D. 3 Dept. 2015] inmate was denied right to an impartial hearing officer when the hearing officer improperly stated that it was inmate's burden to prove

that his version of the incident, which was contrary to what was stated in the misbehavior report, was the truth.)

For the above reasons, equity (fairness) requires vacatur of the hearing findings of guilt, the expungement of record, and return of encumbrance.

DATEd: OCT-28-22

Respectfully submitted,

Mr. Robert A. Griffin, #00B-2844

| New York State<br>**Department of Correctional Services**<br>**Division of Health Services**<br>**POLICY** | Title: **Therapeutic Diets**<br><br>Section: Health Care Services | Number<br>**1.33** |
|---|---|---|
| Supersedes: HSPM 1.33 dated 11/26/93 | Page: 1 of 1 | Date: 11/9/10 |
| References: Directive 4311 | | |
| Approved by: *[signature]* | | |

## I.     POLICY

Therapeutic Diets will be made available to the Department's inmate population consistent with Directive 4311 and the Office of Nutritional Services' Medical Nutrition Therapy (MNT) Manual.

## II.     PROCEDURE

A.     Descriptions of the Department's standardized Therapeutic Diets can be found in the MNT Manual. Whenever an inmate requires a Therapeutic Diet that is not listed in the Manual, it is the responsibility of the prescriber to consult with a DOCS Regional Dietitian to determine how best to provide the diet. This consultation is to take place as soon as possible to assure continuity of care.

B.     Therapeutic Diets will be prescribed on the basis of objective medical criteria for a specific, well established medical condition. An inmate's request for a special diet, or a prescriber's belief that a certain style of eating is healthier, is not sufficient justification.

C.     All Therapeutic Diet orders will be clearly documented in the inmate's health record. Only physicians, dentists, nurse practitioners, physician assistants and registered dietitians may order Therapeutic Diets.

D.     Specific procedures for requesting, reviewing, renewing, changing and cancelling Therapeutic Diets are detailed in the MNT Manual.

E.     Any inmate can refuse a Therapeutic Diet. If an inmate states that he/she does not want to receive Therapeutic Diet meals, the prescriber will clearly document the refusal in the inmate's health record and, when the refusal involves an existing diet, follow up with a cancellation notice to the Food Service Department.

F.     Once refused or cancelled, reinstatement of a Therapeutic Diet is contingent upon re-evaluation of the inmate's need by a health care provider.

G.     Medical nutrition therapy services are available on a consultative basis from DOCS Regional Dieticians and as provided for by special service contracts covering operation of facility based dialysis units and the Coxsackie Regional Medical Unit.

Compilation of Codes, Rules and Regulations of the State of New York
  Title 7. Department of Corrections and Community Supervision
    Chapter X. Facility Administration
      Part 1704. Minimum Provisions for Health and Morale (Refs & Annos)

7 NYCRR 1704.8

Section 1704.8. Food

Currentness

(a) Food must be nourishing and palatable, of a sufficient caloric intake as recommended by the Director of Nutritional Services.

(b) Variety in the weekly menu must be afforded.

(c) Inmates may refrain from eating those food items served to the general population which are contrary to their religious beliefs. An inmate may petition the directors of ministerial, family and volunteer, and nutritional services for provision of a nutritionally adequate alternative **diet** consistent with his or her religious beliefs.

(d) Therapeutic **diets** may be specified by the director of facility health services when appropriate.

**Credits**
Sec. filed July 13, 1999 eff. July 28, 1999; amd. filed Oct. 26, 2011 eff. Nov. 16, 2011.

Current with amendments included in the New York State Register, Volume XLIV, Issue 43 dated October 26, 2022. Some sections may be more current, see credits for details.

N.Y. Comp. Codes R. & Regs. tit. 7, § 1704.8, 7 NY ADC 1704.8

End of Document                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.



# Corrections and
# Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**MICHAEL CAPRA**
Superintendent Sing Sing C.F.

## M E M O R A N D U M

TO:    Il Griffin, R 00B2844 cell# O-71 Tier 1 Appeal

FROM:   Captain C. Nixon

SUBJECT:   Tier 1 Appeal

DATE: 11/02/2022

Your recent correspondence has been received in this office on 11/02/22. Your letter references a Tier I hearing completed on 10/28/22 for an incident on 10/26/22, at which you were found guilty of 109.10 Out of Place

**Charges:** 109.10 Out of Place

Based on a review of the issues you raised in your letter and information relevant to this hearing:

____X__ The disposition is hereby affirmed

_____ Disposition is modified as follows:

**Comments**: Your argument does not represent justification required to modify your disposition. The charges you were found guilty of are consistent with the allegations presented in the misbehavior report. Additionally, I find that the disposition was fair and appropriate.

********<u>**This appeal is not timely**</u>********

Mr. Robert A. Griffin, #00-B-2844
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

December 27, 2022

Department of Corrections and Community Supervision
F.O.I.L. Appeals, The Office Of Counsel.
1220 Washington Avenue, Building #
Albany, New York 12226-2050

RE:   F.O.I.L. requests of Robert Griffin on
November 2nd and December 11, 2022

Dear Sir/Madam:

On the above regards, pursuant to 5 U.S.C. §§ 552 & 552(a) & Article 6,§§ 84-90, I submitted two(2) F.O.I.L. requests to Sing Sing Department of Records Coordinator II for disclosure and a copy of A-Block Messhall Therapeutic Diets Meal log book for Wednesday, October 26, 2022, on Robert A. Griffin, #00-B-2844, number #96.  (*Attached is the second request, not the first one*)

As of this day, there is no acknowledgment or number, and therefore, I am appealing their constructive denial of my two (2) F.O.I.L. requests.

In sum, I respectfully appeal requesting disclosure and for your assistance in compelling the Inmate Record Coordinator to follow Directive #2010(v).

Dated: December 26, 2022

Respectfully request,

Mr. Robert A. Griffin, #00-B-2844

Cc:file

Mr. Robert A. Griffin, #00-B-2844  =HBA-O-71
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562


Inmate Records Coordinator II
Sing Sing Corr. Fac.


RE: F.O.I.L. REQUEST

Dear Sir/Madam:

    On the above regards, in accordance with 5 U.S.C.§§552
and 552(a) under the Freedom of Information Act, and Article 6,
§§ 84-90 of the Public Officers Law, please release the following
documents in your possession:

        1.   Acopy of the A-block Messhall Therapeutic Diets
        meal log book for October 26, Wednesday 2022, of Inmate
        Robert A. Griffin, #00-B2844 at #96 for marking as a
        participation in the morning meal.

    Enclosed is a disbursement form to cover the costs of coping
the document.  If this request is not acknowledge within ten (10)
WORKING DAYS, I am going to deem this as a contructive denial,
and appeal to Albany DOCCS.

    Also, if any part or whole of this document is denied, please
provide the law on which your decision is based upon.

                    Respectfully,

                    Robert Griffin

cc: file (2)

Note: This is My Second Request for this
Document Whereby I've Not Received Any
Acknowledgement Back on 11-4-22



**Corrections and**
**Community Supervision**

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

Date:  January 4, 2022

GRIFFIN, ROBERT 00B2844
CELL#A-O-71
Re:    FOIL Log No. SSCF-0004-22

Dear Mr. Griffin:


This is in response to your New York State Freedom of Information Law request for:

**Copy of A-Block MessHall Therapeutic Diet Meal Log Book for 10/26/22**

1 page gathered.
.25 due.
Your disbursement was made out for .25 and sent to the Business Office for Processing.

Your foil request has been resolved.


Sincerely,

Y. Cheverez, SORC
FOIL Officer


CC:    FOIL Records
       SSCF- FSA

---

If you do not receive a response or delay notification by the date specified, you may appeal by writing the Office of the Counsel & FOIL Appeals Officer,
NYS Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226-2050.

In appeal correspondence, please clearly note your name, DIN number, facility from which records were requested, and the FOIL Log Number provided.

KEEP THIS BOOK 106.10
SEMANN KRAMONT·SE
MANION



| # | NAME | DIN # | DIET | LOC | MON | TUE | WED | THU | FRI | SAT | SUN |
|---|------|-------|------|-----|-----|-----|-----|-----|-----|-----|-----|
| 96 | GRIFFIN, R | 00B2844 | B | A-O-24 | | | | | | | |

# SING SING DIETS    10/24/2022 - 10/30/2022



| | |
|---|---|
| **KATHY HOCHUL**<br>Governor | **ANTHONY J. ANNUCCI**<br>Acting Commissioner |

January 6, 2023

Robert Griffin (00B2884)
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

     **Re:    FOIL Appeal Log No: A-0003-23**

Dear Robert Griffin:

Counsel's Office has reviewed your Freedom of Information Law (FOIL) appeal dated December 27, 2022 and received January 4, 2023. We have also reviewed your initial request to the FOIL Officer at Sing Sing Correctional Facility dated December 11, 2022 (FOIL Log No. SSCF-0004-23).

Based on our review of this matter, we have confirmed that the requested record, the A-Block Mess Hall Therapeutic Diet Meal Log Book for October 26, 2022, was sent to you by the FOIL Officer on January 4, 2023.

Accordingly, your appeal is MOOT.

                           Regards,

                           *Michael J. Ranieri*
                           Michael J. Ranieri
                           FOIL Appeals Officer

MJR: 24
Cc:    FOIL Officer, Sing Sing Correctional Facility
        Superintendent, Sing Sing Correctional Facility
        Committee on Open Government
        Central Files

**State of New York**
**Department of Corrections**
**& Community Supervision**
**Sing Sing Correctional Facility**
354 Hunter Street
OSSINING, NEW YORK 10562-5442
914-941-0108

Anthony J. Annucci
ACTING COMMISSIONER

Michael Capra
SUPERINTENDENT

# NOTICE

In as much as a hearing was held for grievance #  ( 3 | 8 - Z Z       on this

date:  ( 2 - Z 9 - Z Z            , you are hereby notified that within two (2) working

days you shall receive a written decision from the IGRC on your grievance. If for any reason this

does not occur, you are to immediately notify an IGRC clerk or Representative within your

housing unit in order to have a copy of said grievance hearing decision delivered to you.

If you wish to appeal the decision of the IGRC, you mus complete and sign a copy of the

decision indicating your decision to appeal, and mail it to the grievance office within seven (7) days,

commencing two (2) working days after the date os the hearing. Please include copies of

any and all additional information to support your appeal.

If you do not wish to appeal the decision of the IGRC, simply do nothing and the matter
will be considered closed.

STATE OF NEW YORK-DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**INMATE GRIEVANCE COMPLAINT**

RECEIVED

NOV 16 2022

SING SING I.G.P.

GRIEVANCE NO. *1318-22*

**SING SING CORRECTIONAL FACILITY**

Date **Nov-4-2022**

Name: **Robert A. Griffin**          Dept. No **00-B-2844**   Housing Unit: **HBA-O-71**

Program AM: _**N/A**  PM: **N/A**

*(Please print or type – this form must be filed within 21 calendar days of Grievance Incident)\**

**DESCRIPTION OF PROBLEM:** *(please make as brief as possible)*

   On October 26, 2022, Correctional Officer J. W. York stated: "He observed Incarcerated Individual Robert A. Griffin, in the Mess hall, on the regular serving line and he is a recipient of the Diet Meal Program prescribed by the Medical Department.   C.O. York alleges that Griffin has been verbally counseled and given a direct order to cease from such practice, and he obtained Griffin's information from the Diet Book.  This Misbehavior ticket was endorsed by both C.O. Michelle Oscar (*Diet Officer*) and C.O. Kristin A. Bailey (*Mess Hall A-serving line officer*)

   On October 29, 2022, unbeknown, Griffin was called to O.I.C.  After sitting down, he was notified, by hearing officer Sgt. Mandel, that C.O. York wrote him a misbehavior report, which he had already rendered a guilty decision, which undermined any ability to present a defense. (*Emphasis.. kangaroo hearing*)

   So, as a formality, Mr. Griffin stated: "he wasn't on the regular chow line and nor was he out of place," and objected to the misbehavior report on grounds of actual innocence, extreme hardship, harassment, and filing a false misbehavior report on basis of perjury.

   Within 4 minutes, Sergeant Mandel stated: "he believed Officer York because he has know him for years," and without any witnesses,  issued a guilty verdict and sanctions 13 days loss of packages and commissary for violating Rules 109.10 (Out of Place) & 106.10 (Direct Order)

   Over all, the hearing proceedings is silent with respect to any violation of Diet Meal (*7 NYCRR 1704.8(d) & Policy 1.33*)

1

On November 2, 2022, the Superintendent's appeal was reviewed by Correctional Captain C. Nixon on bases of insufficient substantial evidence, issuance of false misbehavior report, and impartial hearing officer. Captain Nixon affirmed the hearing determination of October 29, 2022, and this grievance derived on wrongful proceedings against Mr. Griffin that violated the constitution.

As illustrated above, Mr. Griffin claim that there is a strong public policy in ensuring that the Department of Corrections and Community Supervision, are not held civilly or financially liable for lawful acts committed while they are acting as New York State correctional officers. See: _Livingston v. Kelly_, 561 F. Supp.2d 329 (W.D.N.Y. 2008)

On the other hand, it is puzzling to wonder what is really going on in their minds of staff that have retaliatory motives to fabricate a false misbehavior report, despite being short of staff, an abundant amount of overtime, money and a life outside of prison walls. (_Emphasis…"no good can come from choosing, as regular thinking, this type of misconduct, which is a live for-the-moment outlook"_)

Mr. Griffin alleges that these three (3) Correctional Officers naturally have a negative relationship with him based on judgment surrounding his criminal conviction for sexual offenses, his criminal appeals, and under the _blue code_, their silence on outside influences (_e.g., D.A. or Judges_) to intentionally inflict emotional distress. Therefore, their credibility and veracity is highly suspect.

Acting in concert, they were motivated to spite me, and therefore, they have provided untruthful _"revenge"_ by filing false misbehavior report.

In denying Mr. Griffin the minimum procedural due process, the hearing officer sanction me 13 days losses of package, commissary, denial of honor housing, extreme hardship, harassment, and infliction of emotional distress on there hoax.   This hoax was affirmed by Caption C. Nixon.

In sum, though they might find the end result harsh, the _"harshness"_…is largely a self-inflicted would.

Grievant Signature _Robert A Griffin_                          1318-22

Grievance Clerk _____       Date _____

Advisor Requested  ☐ YES   ☐ NO    Who: _____

**ACTION REQUESTED :**


Investigate this matter to disclose that on October 26, 2022, Mr. Griffin was mark for morning diet by C.O.

Michelle Oscar; why was offender denied a lack of an independent basis for considering Mr. Griffin's claims;

why was offender unfairly denied the right to rebut the charges by presenting evidence, DOCCS lack of

procedural protections denied that would have allowed Griffin to expose the falsity of the evidence against him;

and to deter any retaliation for filing this grievance.

This Grievance has been informally resolved as follows: _____

_____

This Informal Resolution is accepted:

(To be completed only if resolved prior to hearing)

Grievant Signature: _____       Date: _____


If unresolved you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

Response of IGRC: _____

_____

_____

_____

_____

_____

_____

Date Returned to Offender _____       IGRC Members _____

**RECEIVED**

NOV 16 2022

SING SING I.G.P.

3



# Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

**TO:**     GRIFFIN, R      00B2844      O-71

**FROM:**   Q. Quick, Supervisor Incarcerated Grievance Program

**SUBJECT:**  Grievance Complaint

**DATE:**   11/22/2022

Your complaint dated: <u>11/9/2022</u> code# <u>27</u>  filed  <u>11/16/2022</u> as grievance # <u>1318-22</u>

titled:  <u>**TIER OFFICER FAILED TO FOLLOW P&P**</u>

is currently under investigation by the Inmate Grievance Program Staff.

At the completion of our invetigation you will be informed of any infromal resolution suggestion or you will be scheduled for a hearing.

If the IGRC hearing does not take place within 16 calendar days from the date of filing, you may appeal to the next level of review in accordance with Directive #4040 701.6(g)2.

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. 1318-22 | HEARING DATE 12/29/2022 |
|---|---|---|
| | GRIEVANT NAME **GRIFFIN, R** | DIN 00B2844 |
| INCARCERATED GRIEVANCE PROGRAM | FACILITY **SING- SING C.F.** | HOUSING UNIT **A-O-71** |
| **IGRC HEARING RESPONSE** | HELD IN ABSENTIA ☐ YES ☐ NO   If yes, why: | N/A |

Response of IGRC:                         **AGREE**          **CODE:   27**

**IGRC recommends that all hearing officers be reminded to adhere to the Policy and Procedure regarding Tier hearings.**

Chairperson: _____         IGRC Members: _____

_____

_____

Date Returned to Grievant: __1/6/23__

Appeal:

If you wish to appeal, please check the appropriate box below and return within 7 calendar days to the IGRC office at the facility where the grievance was filed.*

☐ I disagree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed the Deadlocked response. Refer to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I want to apply to the IGP Supervisor for review of the IGRC dismissal.

Grievant Signature: __Robert Griffin__          Date: __1-6-22__

*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

---

***To be completed by Grievance Clerk***

Grievance Clerk Signature: _____          Date Received: _____

Date Forwarded to Superintendent For Action: _____

FORM 2131 (Reverse) (12/21)

| | GRIEVANCE NO. SS-1318-22 | | DATE FILED 11/16/22 |
|---|---|---|---|
| NEW YORK STATE Corrections and Community Supervision | FACILITY SING SING | | POLICY DESIGNATION Institutional |
| INCARCERATED GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Tier I and II Policy & Procedure | | CASE CODE 27 |
| SUPERINTENDENT RESPONSE | SUPERINTENDENT'S SIGNATURE | | DATE 1/27/23 |
| GRIEVANT Griffin, R | DIN 00B2844 | | HOUSING UNIT HBA O-71 |

Grievant states security staff failed to conduct the tier I hearing and appeal fairly.

Grievance Denied. There is no provision to challenge the outcome of a tier hearing or an appeal via grievance. Records indicate grievant was found guilty at the tier I hearing and the tier I appeal was affirmed.

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please provide a reason why you are appealing this decision to CORC.

Superintendent has deliberately not followed Doccs Rules & Regulations Agreed by IGP And Grievant

Robert A Griffin
_____
GRIEVANT'S SIGNATURE

1-26-23
_____
DATE

_____
GRIEVANCE CLERK'S SIGNATURE

_____
DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (12/21)

**Mr. Robert A. Griffin, #00-B-2844**
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

July 8, 2023

**Mrs. Rachael Seguin, "Director, Incarcerated Grievance Program"**
Department of Correctional & Community Supervision
1220 Washington, Avenue Building #9
Albany, New York 12226

**RE: Grievance #SS-1318-22**
      **Received 2/15/2023**

Dear Mrs. Seguin:

On the above regards, I am curious as to whether a decision has been rendered, because it's been awhile.

In sum, I just want to know, and I appreciate your time and attention, and I wait on your reply.

Sincerely Yours

Mr. Robert A. Griffin, #00-B-2844

 **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**MEMORANDUM**

From:       Rachael Seguin, Director, Incarcerated Grievance Program

SUBJ:      Receipt of Appeal

Date:       4/13/2023


R GRIFFIN  00B2844
Sing Sing Correctional Facility
Your grievance SS-1318-22 entitled
Falsified MBR By Officers/Improper Tier Hearing
Procedures
was rec'd by CORC on 2/15/2023


**A disposition will be sent to you after the grievance is reviewed by CORC**

 **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

August 30, 2023

Robert Griffin
00B2844
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562-5442

Dear Robert Griffin:

This is in response to your recent correspondence regarding an outstanding CORC appeal.

Grievance SS-1318-22, is currently pending a Central Office Review Committee (CORC) disposition. A Receipt of Appeal has been sent and a disposition is forthcoming.

If you have not yet received a copy of the Receipt of Appeal, you are advised to contact the IGP Supervisor at your current facility for assistance.

Be advised, appeals are reviewed in the order in which they are received, and every effort is made to respond to them as quickly as possible. Your continued patience is appreciated.

Sincerely,

Anne Marie McGrath
Deputy Commissioner

cc:  Superintendent - Sing Sing C.F.
     IGP Supervisor - Sing Sing C.F.
     Central Files
     Reference # 20230720-074816-BLC

# Sing Sing Correctional Facility
# Inmate Grievance Program

**Name:** GRIFFIN, R        **DIN:** 00B2844        **Housing Loc:** A-O-71

**From:** I.G.R.C. – School 1st Floor

**Date:** 12/29/2022        **Grievance #** 1318-22

**Subject:** Report to I.G.R.C. for A.M. Hearing/Interview

Be advised due to time constraint, your name was not able to be placed on an official callout. However, this notice is to be served as a callout for you to report in front of the I.G.R.C. @ the School 1st Fl. On the above date and scheduled module. In order to properly address your complaint, please bring with you all pertinent documentation to support you allegations. (i.e. Monthly Statements, copies of Disbursement forms, PCTR (Program Committee Transaction Record), Form #2068 Package Disposal Form, etc.

## TIER OFFICER FAILED TO FOLLOW P&P
### Failure to appear before the committee may result in a dismissal
### In accordance to Directive #4040.

*Note* Any questions concerning this notice should be directed to the IGP
Office at ext 4700 or 5812

_____
Grievance Staff Signature

# EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   TIS L. JAMES
   ATTORNEY GENERAL OF
   NEW YORK
   The CAPITAL
   Albany NY 12224

   9590 9402 7409 2055 9362 91

2. Article Number *(Transfer from service label)*

   7021 0950 0000 1352 3020

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X    RECEIVED    ☐ Agent
                   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
   DEC 0 9 2022

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

   ADMINISTRATIVE SERVICES

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☑ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**

## DISBURSEMENT OR REFUND REQUEST

CELL LOCATION

NAME _____    DATE _____ 20____

CODE TYPE    INCARCERATED INDIVIDUAL NUMBER    "SHORT NAME"

FIRST INITIAL
FIRST 3 OF LAST NAME

CHECK/ORDER NUMBER

RIGHT ADJUSTED WITH LEADING ZEROS

COMMISSARY PRODUCT GROUP    AMOUNT $

SENT TO CODE (SEE TABLE B-6)    ITEM DESCRIPTION

SENT TO OR PURCHASE FROM

| LAST NAME | FIRST NAME | MI | SUFF |
|---|---|---|---|
| ADDRESS | | APT. NO. | |
| CITY | STATE | ZIP CODE | |

**I HEREBY ACKNOWLEDGE EXPENDITURE OF THE AMOUNT TO BE DEDUCTED FROM MY INCARCERATED INDIVIDUAL ACCOUNT.**

APPROVED _____    DATE _____
          (SOURCE AREA)

APPROVED _____    DATE _____
          (BUSINESS OFFICE)                    (INCARCERATED INDIVIDUAL SIGNATURE)

FORM 2706 (05/21)        Original - Business Office    Yellow - Approving Office    Pink - Incarcerated Individual

FORM 2171 B (11/21)
Side 2

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_____ Sing Sing _____ **Correctional Facility**

**INCARCERATED INDIVIDUAL MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL INDIVIDUO ENCARCELADO**

| 1. NAME OF INCARCERATED INDIVIDUAL (Last, First) ♦ NOMBRE DEL INDIVIDUO ENCARCELADO (Apellido, Nombre) | DIN | HOUSING LOCATION • CELDA |
|---|---|---|
| GRIFFIN, R | 00A2841 | HBA 024 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE • FECHA | INCIDENT TIME • HORA |
|---|---|---|
| HBA MESSHALL | 10 26 22 | 8:00AM |

3. RULE VIOLATION(S) ♦ VIOLACIÓN (ES)

109.10 OUT OF PLACE   106.10 DIRECT ORDER

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

ON THE ABOVE TIME AND DATE AT THE ABOVE LOCATION I CO
YORK OBSERVED V, GRIFFIN# 00A2841 ON THE REGULAR
SERVING LINE V, GRIFFIN IS A RECIPIENT OF THE DIET MEAL
PROGRAM PRESCRIBED BY THE MEDICAL DEPARTMENT V, GRIFFIN
HAS BEEN VERBALLY COUNSELED IN THE PAST AND GIVEN A
DIRECT ORDER TO CEASE THIS PRACTICE. HIS INFORMATION WAS
OBTAINED FROM THE DIET BOOK. THE REGULAR MEAL WAS
COFFEE CAKE.

| REPORT DATE • FECHA | REPORTED BY ♦ REPORTADO POR | SIGNATURE ♦ FIRMA | TITLE • TÍTULO |
|---|---|---|---|
| 10 26 22 | T YORK | | CO |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)   SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)   FIRMAS: 1. N. OH   OSCAR

A. A. BAILEY

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INCARCERATED INDIVIDUAL _____ NAME AND TITLE OF SERVER _____

FECHA Y HORA DADO AL INDIVIDUO ENCARCELADO _____ NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

**NOTICE ♦ AVISO**

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The incarcerated individual shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al individuo encarcelado llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución ni las metas del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or their designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

**Distribution:** WHITE - Disciplinary Office CANARY - Incarcerated Individual (After review) ♦ **Distribución:** BLANCA - Oficina Disciplinaria AMARILLA – Individuo Encarcelado (después de la revisión)

```
10/26/22        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES    PAGE    1
DCP008                           SING SING GN
```

C/S#
2225

## VIOLATION HEARING DISPOSITION RENDERED

```
                            REVIEW OFFICER    LT   FISHER, C M
                            REVIEW DATE        10/26/22
                            TIER 1 DUE DATE   11/01/22
```

1) NAME GRIFFIN, ROBERT                      DIN 00B2844 LOCATION 0A-0S-24S

2) INCIDENT DATE & TIME  10/26/22      08:00 AM

3) INMATE _GRIFFIN IS_ ENGLISH SPEAKING
   A) IF NOT, WERE CHARGES TRANSLATED AND SERVED TO INMATE? _N/A_
   B) INTERPRETOR AT HEARING _2022_____

4) HEARING BEGIN DATE __/ / __ TIME / : _10_ _pm_
      END DATE  _10 / 28 1022_ TIME / : _55_ _pm_

5) CHARGES: SPECIFY DETERMINATION FOR EACH OF THE CHARGES
            CONSIDERED AT HEARING

```
CHARGE
NUMBER       DESCRIPTION OF CHARGES            REPORTED BY         DISPOSITION
106.10    REFUSING DIRECT ORDER          CO   YORK, J W                      Guilty
------    ------------------------       ----  -------------------
109.10    OUT OF PLACE                                                    Guilty
------    ------------------------
```

D-71

6) PENALTY IMPOSED:

_13 Day loss of Commissary_

_13 Day loss of Packages_

_____

_____

_____

THIS FORM SHALL NOT BE MADE PART OF THE INMATE'S INSTITUTIONAL RECORDS

HEARING OFFICER _____ DATE _10-28-22_

INMATE SIGNATURE _____ DATE _____ TIME _____

     NOTICE TO INMATE: YOU MAY APPEAL THIS DETERMINATION BY WRITING TO THE
     SUPERINTENDENT WITHIN 24 HOURS OF YOUR RECEIPT OF THIS DISPOSITION

***SUCCESSFUL PRINT COMPLETION***

Superintendent Capra
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

October 29, 2022

Mr. Robert A. Griffin, #00B-2844
HBA-O-24

### RE: "I WISH TO APPEAL MY TIER I HEARING STARTED & COMPLETED ON OCTOBER 28,   2022, AT 1:15 P.M."

On October 26, 2022, Correctional Officer J. W. York stated: "He observed Incarcerated Individual Robert A. Griffin, in the Mess hall, on the regular serving line and he is a recipient of the Diet Meal Program prescribed by the Medical Department.   C.O. York alleges that Griffin has been verbally counseled and given a direct order to cease from such practice, and he obtained Griffin's information from the Diet Book.

On October 29, 2022, unbeknown, Griffin was called to O.I.C.  After sitting down, he was notified, by hearing officer Sgt. Mandel, that C.O. York wrote him a misbehavior report, which he had already rendered a guilty decision, which undermined any ability to present a defense.(*Emphasis.. kangaroo hearing*)

So, as a formality, Mr. Griffin stated: "he wasn't on the regular chow line and nor was he out of place," and objected to the misbehavior report on grounds of actual innocence, extreme hardship, harassment, and filing a false misbehavior report on basis of perjury.

Within 4 minutes, Sergeant Mandel stated: "he believed Officer York because he has know him for years," and Griffin was issued a guilty verdict and sanctions 13 days loss of packages and commissary for violating Rules 109.10 (Out of Place) & 106.10 (Direct Order) See: **Exhibit A**

1

Over all, the hearing proceedings is silent with respect to any violation of Diet Meal( *7 NYCRR 1704.8(d) & Policy 1.33*) and not in conformity to the expiration date of 11-01-22, in which to afford the hearing officer time to investigate and access the credibility of Mr. Griffin's contentions.

State Specific Grounds for Appeal

## RULE VIOLATIONS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Appellant, Robert A. Griffin, contends that the Misbehavior Report was not supported with testimony of Correction Officer York, to provided substantial evidence to support finding prisoner guilty of such conduct. See: *Vega v. Smith*, 66 N.Y.2d 130, 139 [N.Y. 1985] (*A prison disciplinary determination must be supported by substantial evidence, meaning that in order to sustain a determination of guilt, a court must find that the disciplinary authorities have offered such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact*); *Shell v. Brzezniak*, 365 F.Supp.2d 362, 377; *Allen v. Cuomo*, 100 F.3d 253 there must be "some evidence to support the findings made in the disciplinary hearing."; *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 86 L.Ed.2d 356; *Patterson v. Coughlin*, 905 F.2d 564, 569-570 (2d Cir. 1990).

## C.O. YORK VIOLATED DOCCS RULES & RUGULATION BY FILING A FALSE MISBEHAVIOR REPORT

C.O. York is HBA (A) block Mess hall gate/post officer who when out of his way to violated NYSDOCCS Employee Manual section 2 & 4.16 (*Conduct and*

2

*Activities of Employees*) by filing a false accusatory instrument and lying on Offender Griffin that he was on the regular line that day, in violation of **2.1 Personal Conduct** -- No employee, whether on or off duty, shall so comport himself as to reflect discredit upon the Department or it's personnel; **2.2 Lawful Comportment** -- An employee shall not knowingly or willingly violate any law or ordinance of the United States or the State of New York or any rule, regulation or directive of the Department; and **4.16 Falsification of records** -- No employee shall knowingly make a false official report or statement, orally or in writing, or make, maintain, or cause or permit to be made a false record or false entry in official records.

For the above reason, Offender Griffin contends C.O. York committed Perjury by issuance of a false Misbehavior report, which was used specifically for intentional infliction of emotional distress, harassment, and extreme hardship. His disciplinary sanction warrants reporting under McKinney's Civil Service Law towards his removal from his post, and placed somewhere were there is no prisoner for him to abuse.

## HEARING OFFICER WAS BIAS IN VIOLATION OF 7 N.Y.C.R.R. §254.1

The hearing officer, Sergeant Mandel, was bias on: (1) overlooking the statutory construction of Title 7 N.Y.C.R.R. § 254.1 by not confirming C.O. York's hearsay report into substantial evidence; (2) not investigating allegations nor accessing credibility in the allotted time frame of 11-01-22; and (3) undermined the Therapeutic Diet program.

At the hearing, Sgt. Mandel stated: "he believed I was guilty because he knows Officer York for many years, despite my objections, due process violation, and actual innocence. See *Rambert v. Fischer*, 128 A.D.3d 1111, 7 N.Y.S.3d 730 [N.Y.A.D. 3 Dept. 2015] inmate was denied right to an impartial hearing officer when the hearing officer improperly stated that it was inmate's burden to prove

that his version of the incident, which was contrary to what was stated in the misbehavior report, was the truth.)

For the above reasons, equity (fairness) requires vacatur of the hearing findings of guilt, the expungement of record, and return of encumbrance.

Dated: OCT-28-22

Respectfully submitted,

Robert Griffin

Mr. Robert A. Griffin, #00B-2844

4

| New York State<br>Department of Correctional Services<br>Division of Health Services<br>**POLICY** | Title:   **Therapeutic Diets**<br><br>Section:  Health Care Services | Number<br><br>**1.33** |
|---|---|---|
| Supersedes:  HSPM 1.33 dated 11/26/93 | Page: 1 of 1 | Date:  11/9/10 |
| References:  Directive 4311 | | |
| Approved by: | | |

## I.    POLICY

Therapeutic Diets will be made available to the Department's inmate population consistent with Directive 4311 and the Office of Nutritional Services' Medical Nutrition Therapy (MNT) Manual.

## II.    PROCEDURE

A.    Descriptions of the Department's standardized Therapeutic Diets can be found in the MNT Manual. Whenever an inmate requires a Therapeutic Diet that is not listed in the Manual, it is the responsibility of the prescriber to consult with a DOCS Regional Dietitian to determine how best to provide the diet. This consultation is to take place as soon as possible to assure continuity of care.

B.    Therapeutic Diets will be prescribed on the basis of objective medical criteria for a specific, well established medical condition. An inmate's request for a special diet, or a prescriber's belief that a certain style of eating is healthier, is not sufficient justification.

C.    All Therapeutic Diet orders will be clearly documented in the inmate's health record. Only physicians, dentists, nurse practitioners, physician assistants and registered dietitians may order Therapeutic Diets.

D.    Specific procedures for requesting, reviewing, renewing, changing and cancelling Therapeutic Diets are detailed in the MNT Manual.

E.    Any inmate can refuse a Therapeutic Diet. If an inmate states that he/she does not want to receive Therapeutic Diet meals, the prescriber will clearly document the refusal in the inmate's health record and, when the refusal involves an existing diet, follow up with a cancellation notice to the Food Service Department.

F.    Once refused or cancelled, reinstatement of a Therapeutic Diet is contingent upon re-evaluation of the inmate's need by a health care provider.

G.    Medical nutrition therapy services are available on a consultative basis from DOCS Regional Dieticians and as provided for by special service contracts covering operation of facility based dialysis units and the Coxsackie Regional Medical Unit.

Compilation of Codes, Rules and Regulations of the State of New York
Title 7. Department of Corrections and Community Supervision
Chapter X. Facility Administration
Part 1704. Minimum Provisions for Health and Morale (Refs & Annos)

7 NYCRR 1704.8

Section 1704.8. Food

Currentness

(a) Food must be nourishing and palatable, of a sufficient caloric intake as recommended by the Director of Nutritional Services.

(b) Variety in the weekly menu must be afforded.

(c) Inmates may refrain from eating those food items served to the general population which are contrary to their religious beliefs. An inmate may petition the directors of ministerial, family and volunteer, and nutritional services for provision of a nutritionally adequate alternative **diet** consistent with his or her religious beliefs.

(d) Therapeutic **diets** may be specified by the director of facility health services when appropriate.

**Credits**
Sec. filed July 13, 1999 eff. July 28, 1999; amd. filed Oct. 26, 2011 eff. Nov. 16, 2011.

Current with amendments included in the New York State Register, Volume XLIV, Issue 43 dated October 26, 2022. Some sections may be more current, see credits for details.

N.Y. Comp. Codes R. & Regs. tit. 7, § 1704.8, 7 NY ADC 1704.8

End of Document                                          © 2022 Thomson Reuters. No claim to original U.S. Government Works.



# Corrections and Community Supervision

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

MICHAEL CAPRA
Superintendent Sing Sing C.F.

## M E M O R A N D U M

TO:    II Griffin, R 00B2844 cell# O-71 Tier 1 Appeal

FROM:   Captain C. Nixon

SUBJECT:    Tier 1 Appeal

DATE: 11/02/2022

Your recent correspondence has been received in this office on 11/02/22. Your letter references a Tier I hearing completed on 10/28/22 for an incident on 10/26/22, at which you were found guilty of 109.10 Out of Place

*Charges:* 109.10 Out of Place

Based on a review of the issues you raised in your letter and information relevant to this hearing:

___X__ The disposition is hereby affirmed

_____ Disposition is modified as follows:

**Comments**: Your argument does not represent justification required to modify your disposition. The charges you were found guilty of are consistent with the allegations presented in the misbehavior report. Additionally, I find that the disposition was fair and appropriate.

********__This appeal is not timely__********

Mr. Robert A. Griffin, #00-B-2844
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

December 27, 2022

Department of Corrections and Community Supervision
F.O.I.L. Appeals, The Office Of Counsel.
1220 Washington Avenue, Building #
Albany, New York 12226-2050

RE:    F.O.I.L. requests of Robert Griffin on
November 2nd and December 11, 2022

Dear Sir/Madam:

On the above regards, pursuant to 5 U.S.C. §§ 552 & 552(a) & Article 6,§§ 84-90, I submitted two(2) F.O.I.L. requests to Sing Sing Department of Records Coordinator II for disclosure and a copy of A-Block Messhall Therapeutic Diets Meal log book for Wednesday, October 26, 2022, on Robert A. Griffin, #00-B-2844, number #96. (*Attached is the second request, not the first one*)

As of this day, there is no acknowledgment or number, and therefore, I am appealing their constructive denial of my two (2) F.O.I.L. requests.

In sum, I respectfully appeal requesting disclosure and for your assistance in compelling the Inmate Record Coordinator to follow Directive #2010(v).

Dated: December 26, 2022

Respectfully request,

*Robert Griffin*

Mr. Robert A. Griffin, #00-B-2844

Cc:file

Mr. Robert A. Griffin, #00-B-2844 =HBA-O-71
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562


Inmate Records Coordinator II
Sing Sing Corr. Fac.


RE: F.O.I.L. REQUEST

Dear Sir/Madam:

On the above regards, in accordance with 5 U.S.C.§§552
and 552(a) under the Freedom of Information Act, and Article 6,
§§ 84-90 of the Public Officers Law, please release the following
documents in your possession:

> 1.    Acopy of the A-block Messhall Therapeutic Diets
> meal log book for October 26, Wednesday 2022, of Inmate
> Robert A. Griffin, #00-B2844 at #96 for marking as a
> participation in the morning meal.

Enclosed is a disbursement form to cover the costs of coping
the document.  If this request is not acknowledge within ten (10)
WORKING DAYS, I am going to deem this as a contructive denial,
and appeal to Albany DOCCS.

Also, if any part or whole of this document is denied, please
provide the law on which your decision is based upon.

Respectfully,

Robert Griffin

cc: file (2)

Note: This is My Second Request for this
Document Whereby I've Not Received Any
Acknowledgement Back on 11-4-22

 **Corrections and Community Supervision**

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

Date:  January 4, 2022

GRIFFIN, ROBERT 00B2844
CELL#A-O-71
Re:    FOIL Log No. SSCF-0004-22

Dear Mr. Griffin:


This is in response to your New York State Freedom of Information Law request for:

**Copy of A-Block MessHall Therapeutic Diet Meal Log Book for 10/26/22**

1 page gathered.
.25 due.
Your disbursement was made out for .25 and sent to the Business Office for Processing.

Your foil request has been resolved.



Sincerely,

Y. Cheverez, SORC
FOIL Officer


CC:    FOIL Records
SSCF- FSA

If you do not receive a response or delay notification by the date specified, you may appeal by writing the Office of the Counsel & FOIL Appeals Officer, NYS Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226-2050

In appeal correspondence, please clearly note your name, DIN number, facility from which records were requested, and the FOIL Log Number provided.

## SING SING DIETS          10/24/2022  -  10/30/2022

| # | NAME | DIN # | DIET | LOC | MON | TUE | WED | THU | FRI | SAT | SUN |
|---|------|-------|------|-----|-----|-----|-----|-----|-----|-----|-----|
| 96 | GRIFFIN, R | 00B2844 | B | A-O-24 | X | X | X | X | X | X | X |



NO INMATE IS TO MARK NAMES IN THIS BOOK 106.10



**NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

January 6, 2023

Robert Griffin (00B2884)
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

      Re:    FOIL Appeal Log No: A-0003-23

Dear Robert Griffin:

Counsel's Office has reviewed your Freedom of Information Law (FOIL) appeal dated December 27, 2022 and received January 4, 2023. We have also reviewed your initial request to the FOIL Officer at Sing Sing Correctional Facility dated December 11, 2022 (FOIL Log No. SSCF-0004-23).

Based on our review of this matter, we have confirmed that the requested record, the A-Block Mess Hall Therapeutic Diet Meal Log Book for October 26, 2022, was sent to you by the FOIL Officer on January 4, 2023.

Accordingly, your appeal is MOOT.

                         Regards,

                         *Michael J. Ranieri*
                         Michael J. Ranieri
                         FOIL Appeals Officer

MJR: 24
Cc:    FOIL Officer, Sing Sing Correctional Facility
       Superintendent, Sing Sing Correctional Facility
       Committee on Open Government
       Central Files

**State of New York**
**Department of Corrections**
**& Community Supervision**
**Sing Sing Correctional Facility**
354 Hunter Street
OSSINING, NEW YORK 10562-5442
914-941-0108

Anthony J. Annucci
ACTING COMMISSIONER

Michael Capra
SUPERINTENDENT

# NOTICE

In as much as a hearing was held for grievance #    ( 318- 22    on this

date:  12-29-22 _____, you are hereby notified that within two (2) working

days you shall receive a written decision from the IGRC on your grievance. If for any reason this

does not occur, you are to immediately notify an IGRC clerk or Representative within your

housing unit in order to have a copy of said grievance hearing decision delivered to you.

If you wish to appeal the decision of the IGRC, you mus complete and sign a copy of the

decision indicating your decision to appeal, and mail it to the grievance office within seven (7) days,

commencing two (2) working days after the date os the hearing. Please include copies of

any and all additional information to support your appeal.

If you do not wish to appeal the decision of the IGRC, simply do nothing and the matter
will be considered closed.

STATE OF NEW YORK-DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

RECEIVED

NOV 16 2022

SING SING I.G.P.

**INMATE GRIEVANCE COMPLAINT**

**SING SING CORRECTIONAL FACILITY**

GRIEVANCE NO.

*1318 22*

Date *Nov-4-2022*

Name: **Robert A. Griffin**    Dept. No.00-B-2844    Housing Unit: **HBA-O-71**

Program: AM: __N/A__   PM: **N/A**

*(Please print or type – this form must be filed within 21 calendar days of Grievance Incident)\**

**DESCRIPTION OF PROBLEM:** *(please make as brief as possible)*

On October 26, 2022, Correctional Officer J. W. York stated: "He observed Incarcerated Individual Robert A. Griffin, in the Mess hall, on the regular serving line and he is a recipient of the Diet Meal Program prescribed by the Medical Department.  C.O. York alleges that Griffin has been verbally counseled and given a direct order to cease from such practice, and he obtained Griffin's information from the Diet Book. This Misbehavior ticket was endorsed by both C.O. Michelle Oscar (*Diet Officer*) and C.O. Kristin A. Bailey (*Mess Hall A-serving line officer*)

On October 29, 2022, unbeknown, Griffin was called to O.I.C.  After sitting down, he was notified, by hearing officer Sgt. Mandel, that C.O. York wrote him a misbehavior report, which he had already rendered a guilty decision, which undermined any ability to present a defense. (*Emphasis.. kangaroo hearing*)

So, as a formality, Mr. Griffin stated: "he wasn't on the regular chow line and nor was he out of place," and objected to the misbehavior report on grounds of actual innocence, extreme hardship, harassment, and filing a false misbehavior report on basis of perjury.

Within 4 minutes, Sergeant Mandel stated: "he believed Officer York because he has know him for years," and without any witnesses,  issued a guilty verdict and sanctions 13 days loss of packages and commissary for violating Rules 109.10 (Out of Place) & 106.10 (Direct Order)

Over all, the hearing proceedings is silent with respect to any violation of Diet Meal (*7 NYCRR 1704.8(d) & Policy 1.33*)

1

On November 2, 2022, the Superintendent's appeal was reviewed by Correctional Captain C. Nixon on bases of insufficient substantial evidence, issuance of false misbehavior report, and impartial hearing officer. Captain Nixon affirmed the hearing determination of October 29, 2022, and this grievance derived on wrongful proceedings against Mr. Griffin that violated the constitution.

As illustrated above, Mr. Griffin claim that there is a strong public policy in ensuring that the Department of Corrections and Community Supervision, are not held civilly or financially liable for lawful acts committed while they are acting as New York State correctional officers. See: *Livingston v. Kelly*, 561 F. Supp.2d 329 (W.D.N.Y. 2008)

On the other hand, it is puzzling to wonder what is really going on in their minds of staff that have retaliatory motives to fabricate a false misbehavior report, despite being short of staff, an abundant amount of overtime, money and a life outside of prison walls. (*Emphasis..."no good can come from choosing, as regular thinking, this type of misconduct, which is a live for-the-moment outlook"*)

Mr. Griffin alleges that these three (3) Correctional Officers naturally have a negative relationship with him based on judgment surrounding his criminal conviction for sexual offenses, his criminal appeals, and under the *blue code*, their silence on outside influences (*e.g., D.A. or Judges*) to intentionally inflict emotional distress. Therefore, their credibility and veracity is highly suspect.

Acting in concert, they were motivated to spite me, and therefore, they have provided untruthful *"revenge"* by filing false misbehavior report.

In denying Mr. Griffin the minimum procedural due process, the hearing officer sanction me 13 days losses of package, commissary, denial of honor housing, extreme hardship, harassment, and infliction of emotional distress on there hoax. This hoax was affirmed by Caption C. Nixon.

In sum, though they might find the end result harsh, the *"harshness"*...is largely a self-inflicted would.

Grievant Signature _Robert A. Juff_                    _1318-22_

Grievance Clerk _____    Date _____

Advisor Requested   [ ] YES   [ ] NO    Who: _____

**ACTION REQUESTED :**


Investigate this matter to disclose that on October 26, 2022, Mr. Griffin was mark for morning diet by C.O.

Michelle Oscar; why was offender denied a lack of an independent basis for considering Mr. Griffin's claims;

why was offender unfairly denied the right to rebut the charges by presenting evidence, DOCCS lack of

procedural protections denied that would have allowed Griffin to expose the falsity of the evidence against him;

and to deter any retaliation for filing this grievance.

This Grievance has been informally resolved as follows: _____

_____

This Informal Resolution is accepted:

(To be completed only if resolved prior to hearing)

Grievant Signature: _____    Date: _____


If unresolved you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

Response of IGRC: _____

_____

_____

_____

_____

_____

_____

Date Returned to Offender_____    IGRC Members_____

**RECEIVED**

NOV 16 2022

SING SING I.G.P.

3



# Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

**TO:**       **GRIFFIN, R**       **00B2844**       **O-71**

**FROM:**    Q. Quick, Supervisor Incarcerated Grievance Program

**SUBJECT:**  Grievance Complaint

**DATE:**    11/22/2022

Your complaint dated:    <u>11/9/2022</u> code# <u>27</u>    filed    <u>11/16/2022</u> as grievance #    <u>1318-22</u>

titled:    <u>TIER OFFICER FAILED TO FOLLOW P&P</u>

is currently under investigation by the Inmate Grievance Program Staff.


At the completion of our invetigation you will be informed of any infromal resolution suggetion or you will be scheduled for a hearing.


If the IGRC hearing does not take place within 16 calendar days from the date of filing, you may appeal to the next level of review in accordance with Directive #4040 701.6(g)2.

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 1318-22 | HEARING DATE 12/29/2022 |
|---|---|---|
| | GRIEVANT NAME GRIFFIN, R | DIN 00B2844 |
| INCARCERATED GRIEVANCE PROGRAM | FACILITY SING- SING C.F. | HOUSING UNIT A-O-71 |
| IGRC HEARING RESPONSE | HELD IN ABSENTIA ☐ YES ☐ NO    If yes, why: | N/A |

AGREE                CODE: 27

Response of IGRC:

**IGRC recommends that all hearing officers be reminded to adhere to the Policy and Procedure regarding Tier hearings.**

Chairperson: _____        IGRC Members: _R. Bell_ ____

_____

_____

Date Returned to Grievant: _1/6/23_

Appeal:

If you wish to appeal, please check the appropriate box below and return within 7 calendar days to the IGRC office at the facility where the grievance was filed.*

☐ I disagree with the IGRC response and wish to appeal to the Superintendent.        ☐ I have reviewed the Deadlocked response. Refer to Superintendent.

☑ I agree with the IGRC response and wish to appeal to the Superintendent.        ☐ I want to apply to the IGP Supervisor for review of the IGRC dismissal.

Grievant Signature: _Robert Griffin_        Date: _1-6-22_

*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

---

**To be completed by Grievance Clerk**

Grievance Clerk Signature: _____        Date Received: _____

Date Forwarded to Superintendent For Action: _____

FORM 2131 (Reverse) (12/21)

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. SS-1318-22 | | DATE FILED 11/16/22 |
|---|---|---|---|
| | FACILITY SING SING | | POLICY DESIGNATION Institutional |
| INCARCERATED GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Tier I and II Policy & Procedure | | CASE CODE 27 |
| SUPERINTENDENT RESPONSE | SUPERINTENDENT'S SIGNATURE | | DATE 1/57/23 |
| GRIEVANT Griffin, R | DIN 00B2844 | | HOUSING UNIT HBA O-71 |

Grievant states security staff failed to conduct the tier I hearing and appeal fairly.


Grievance Denied. There is no provision to challenge the outcome of a tier hearing or an appeal via grievance.  Records indicate grievant was found guilty at the tier I hearing and the tier I appeal was affirmed.

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please provide a reason why you are appealing this decision to CORC.

Superintendent has deliberately Not followed Doccs Rules + Regulations Agreed by IGP And Grievant

Robert A Griffin                                    1-26-23

GRIEVANT'S SIGNATURE                              DATE

_____                          _____
GRIEVANCE CLERK'S SIGNATURE                        DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (12/21)

**Mr. Robert A. Griffin, #00-B-2844**
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

July 8, 2023

**Mrs. Rachael Seguin, "Director, Incarcerated Grievance Program"**
Department of Correctional & Community Supervision
1220 Washington, Avenue Building #9
Albany, New York 12226

**RE: Grievance #SS-1318-22**
     **Received 2/15/2023**

Dear Mrs. Seguin:

On the above regards, I am curious as to whether a decision has been rendered, because it's been awhile.

In sum, I just want to know, and I appreciate your time and attention, and I wait on your reply.

Sincerely Yours

_____
Mr. Robert A. Griffin, #00-B-2844



**Corrections and Community Supervision**

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

From:     Rachael Seguin, Director, Incarcerated Grievance Program

SUBJ:     Receipt of Appeal

Date:     4/13/2023


R GRIFFIN   00B2844
Sing Sing Correctional Facility
Your grievance SS-1318-22 entitled
Falsified MBR By Officers/Improper Tier Hearing
Procedures
was rec'd by CORC on 2/15/2023


**A disposition will be sent to you after the grievance is reviewed by CORC**

 **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Acting Commissioner

August 30, 2023

Robert Griffin
00B2844
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562-5442

Dear Robert Griffin:

This is in response to your recent correspondence regarding an outstanding CORC appeal.

Grievance SS-1318-22, is currently pending a Central Office Review Committee (CORC) disposition. A Receipt of Appeal has been sent and a disposition is forthcoming.

If you have not yet received a copy of the Receipt of Appeal, you are advised to contact the IGP Supervisor at your current facility for assistance.

Be advised, appeals are reviewed in the order in which they are received, and every effort is made to respond to them as quickly as possible. Your continued patience is appreciated.

Sincerely,

Anne Marie McGrath
Deputy Commissioner

cc:  Superintendent - Sing Sing C.F.
     IGP Supervisor - Sing Sing C.F.
     Central Files
     Reference # 20230720-074816-BLC

# Sing Sing Correctional Facility
## Inmate Grievance Program

**Name:**     GRIFFIN, R      **DIN:** 00B2844      **Housing Loc:**   A-O-71

**From:**     I.G.R.C. – School 1st Floor

**Date:**     12/29/2022                      **Grievance #**      1318-22

**Subject:**  Report to I.G.R.C. for A.M. Hearing/Interview

Be advised due to time constraint, your name was not able to be placed on an official callout. However, this notice is to be served as a callout for you to report in front of the I.G.R.C. @ the School 1st Fl. On the above date and scheduled module. In order to properly address your complaint, please bring with you all pertinent documentation to support you allegations. (I.e. Monthly Statements, copies of Disbursement forms, PCTR (Program Committee Transaction Record), Form #2068 Package Disposal Form, etc.

### TIER OFFICER FAILED TO FOLLOW P&P

**Failure to appear before the committee may result in a dismissal**
**In accordance to Directive #4040.**

*Note* Any questions concerning this notice should be directed to the IGP
Office at ext 4700 or 5812

_Griffin_ (signature)

Grievance Staff Signature



Mr. Robert A. Griffin #
Sing Sing Correctional Fac.
354 Hunter Street
Ossining, New York 1056

LEGAL MAIL

RECEIVED
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
PRO SE OFFICE
NOV - 3 2023

Southern District of New York
Clerk of The Court
United States County House
500 Pearl Street
New York, New York 1000